[L. A. No. 1170.   Department Two.—October 17, 1903.]

GEORGE F. HARDING, Respondent, v. ADELAIDE M. HARDING, Appellant.

DIVORCE—DESERTION BY WIFE—RESIDENCE OF HUSBAND—FINDINGS—CONFLICTING EVIDENCE.—In an action of divorce brought by a husband, where the desertion by the wife is alleged to have occurred in another state, findings made upon conflicting evidence as to the fact of the desertion, and as to the *bona fides* of the residence of the husband in this state, will not be disturbed upon appeal.

ID.—ACTION FOR MAINTENANCE—CONSENT JUDGMENT—RES ADJUDICATA—LAW OF STATE WHERE RENDERED.—A consent judgment in an action for maintenance brought by the wife in the state of Illinois, based upon a stipulation that she was living separate and apart from her husband without her fault; which stipulation was made part of the record by reference in the judgment, is not, by the law of that state, *res adjudicata* that she was without fault and did not desert her husband, and can have no greater effect under the law of this state.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.   N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Works, Lee & Works, and Works & Works, for Appellant.

The Illinois decree was *res adjudicata*.   The court found upon evidence taken that the plaintiff was without fault, and that the equities of the cause are with the complainant. (*Kelly* v. *Town of Milan*, 21 Fed. Rep. 844, and cases reviewed.)   The finding that she was without fault concludes the question that she had not deserted her husband.   (*Watts* v. *Watts*, 160 Mass. 464;[1] *Miller* v. *Miller*, 150 Mass. 111.

[1] 39 Am. St. Rep. 509.

M. L. Ward, and Hunsaker & Britt, for Respondent.

The judgment having been based upon the consent and stipulation of the husband, is not *res adjudicata* under the law of Illinois. (*Farwell* v. *Great Western Tel. Co.,* 161 Ill. 522; *Wadhams* v. *Gay,* 73 Ill. 417.) Under the law of Illinois a judgment for maintenance against the husband is not *res adjudicata* that she did not desert him in an action for divorce. (*Seelye* v. *Seelye,* 45 Ill. App. 27; *Umlauf* v. *Umlauf,* 117 Ill. 580.[1])

HENSHAW, J.—This action was prosecuted by plaintiff to obtain a divorce from his wife for her desertion of him. The findings and decree of the court were in favor of plaintiff, and from the judgment of divorce which followed and from the order refusing her motion for a new trial defendant appeals.

The parties to the action at the time of the alleged desertion resided at Chicago, in the state of Illinois. There, in February, 1890, the defendant, for reasons which she believed necessitated this action upon her part, left her husband's home, and ever since has continued to live separate and apart from him. The husband thereafter removed to and became a resident of the county of San Diego, in the state of California, and there commenced this action. The court determined in favor of the *bona fides* of his residence; and as this was the determination of a question of fact, upon conflicting evidence, that determination here cannot be disturbed. Thus in the *Estate of Newman,* 124 Cal. 688, where the question was whether the widow of the decedent claiming administration of his estate was a resident so as to be entitled to letters, this court said: "The court found in her favor. Her intention constituted the material issue, and there certainly was evidence to support the finding. The difference between this case and the case *In re Donovan,* 104 Cal. 623, is that there the court found against the petitioner as to the fact. In each case this court must abide the conclusion." In *Chicago Railway Co.* v. *Ohle,* 117 U. S. 123, the court say: "There was certainly some evidence that when Ohle went to Chicago

---

[1] 57 Am. Rep. 880.

on the 6th of November he intended to take up his home there at that time, and actually did so. Such being the case, it was not error to refuse to charge the jury that this was not the fact. It is not for us to decide that the jury brought in a wrong verdict under a correct charge if the record shows, as it does, that there was some evidence to support the finding which was made." In *Hope* v. *Flintge,* 140 Mo. 390, the question there also being one of residence, the court said: "It was a question of fact in which the intention of the parties largely entered, and the circuit court found that they were residents within the meaning of the law, and that finding we will not disturb."

The same rule must also be applied to the question of·the sufficiency of the evidence upon the charge of desertion. It was in sharp conflict, and upon either side was the corroborating evidence of the children, for the house unfortunately was divided against itself. The determination of the trial court, under these circumstances, that defendant had been guilty of desertion cannot here be disturbed.

It is earnestly insisted, however, that the question of defendant's alleged desertion was not open to inquiry in this action, but that its consideration had been foreclosed by a judgment of the Illinois courts, which judgment operated as an estoppel. The facts in this regard are the following: Shortly after Mrs. Harding left her husband's home she instituted in the courts of Illinois an action for separate maintenance against her husband, which action the laws of Illinois permit when a wife is living separate and apart from her husband "without any fault upon her part." The action was contested by the husband, and reference was made to a master in chancery for the taking of evidence, and evidence was taken. Finally, and before the determination, the husband filed his stipulation in the action, by the terms of which he conceded his obligation to support his wife; he alleged his confidence in his ability to make good his defense; asserted that it seemed to be in the interest of peace, and to end litigation, to consent to a decree for such sum as the court might find to be equitable, and expressed his willingness that a decree for separate maintenance should be entered in favor of the plaintiff without a finding or trial of the issue as to

whether she was living apart without fault on her part. The stipulation then proceeded: "To this end I declare my willingness to stipulate, and I do hereby stipulate, that the plaintiff, at the time of the commencement of this suit, was living and ever since has been living separate and apart from her husband without her fault, and may take a decree with my consent for such sum as may be reasonable and just for her separate maintenance." Following this stipulation the court made its order of reference to the master "to take evidence and report the same with his conclusions upon the issue in question, as to the amount or amounts, if any, to be allowed complainant and to be decreed to be paid by defendant to complainant for alimony, and upon the other issues herein than the question as to whether complainant at the time of the commencement of this action was, and since that time has been, and is, living separate and apart from her husband, the defendant, without her fault, said defendant having admitted upon the record herein, as by his written stipulation filed herein on January 3, 1893, and *for the purpose of this trial only,* that the complainant was at the time of the commencement of this suit, and since that time has been, and is, living separate and apart from her said husband without her fault." After litigation attending the fixing of the amount, the circuit court of Cook County filed with its decree its "Certificate of Evidence," wherein the court declares: "In settling the terms of said decree, the attorneys for the complainant requested the court to find in such decree that the allegations in the said bill of complainant, as amended herein are true, but that the defendant objected to such finding on the ground of the paper filed herein January 3, 1893, and presented to the court by the defendant, and the contents thereof, and on the further ground that such finding was not warranted by the proof; and the court stated that it, the court, had not considered or passed on that question, for it, the court, regarded it as unnecessary in view of the said paper of defendant, filed herein January 3, 1893, [the stipulation above referred to] and thereupon such finding was not inserted in such decree." This statement was provided for in the decree rendered, and having been made a part of the record, such certificate itself becomes part thereof. (*Rawson* v. *Rawson,* 37 Ill. App. 495;

*Ensminger* v. *Powers,* 108 U. S. 292.)   It was under such circumstances that the decree was given, and it is this judgment which defendant insists raises an estoppel against plaintiff and forbids an inquiry by the courts of this state into the matter of defendant's desertion.   But, waiving the question as to whether the issue, under the Illinois statute, that a wife is living apart from her husband without any fault of her own is identical with the issue presented under the laws of this state, in an action for divorce upon the ground of desertion, still we think the contention of respondent cannot be upheld.   It is fundamental that no more force is to be allowed to the judgment of a sister state, when raised as a bar by way of estoppel in an action between the parties in another state, than would be accorded to that judgment by the courts of the state which rendered it, or, as Mr. Freeman puts it: "The first question to be determined in regard to a judgment of another state, after jurisdictional inquiries have been satisfactorily answered, is, What is its effect in the state whence it was taken?   The effect which it has there is precisely the effect which must be accorded to it in every other state.   It must not be given any greater effect than it has in the state where it was rendered."   (2 Freeman on Judgments, sec. 575.)   By the rule of decision in the courts of Illinois, adopting that of the English courts, a consent judgment operates to estop the parties no further than is necessary to secure the enforcement of the judgment or decree in the particular matter in which the consent judgment was given, and it is not a bar to an inquiry into the same question in any other action.   Thus in *Wadhams* v. *Gay,* 73 Ill. 417, the *syllabus* correctly states the decision of the court in the following language: "*Res judicata* is the decision of the court upon a contested matter between parties.   When a judgment or decree is rendered by consent, or is the result of a compromise, it cannot be admitted as *res judicata.*"   And in the opinion the court quotes with the approval the following from the House of Lords in *Jenkins* v. *Robinson,* 1 H. L. Sc. 117: "The interlocutor in the former action having been the result of a compromise between the parties, it cannot be considered as a *judicium;* nor can it be admitted as *res judicata.* . . . In my opinion, *res judicata* signifies that the court has, after argument and

consideration, come to a decision on a contested matter. Here the court exercised no judicial function upon the subject. It merely exercised an administrative function by recording the interlocutor which had been agreed to by the parties." It thus appears from this case that the courts of Illinois will not allow the application of the doctrine of estoppel to a consent judgment which merely registers the agreement between the parties, and the same views are expressed by the highest court of Illinois, quoting at large from the case last above cited, in the late case of *Farwell* v. *Great Western Tel. Co.,* 161 Ill. 522.

We are not· here considering the doctrine of estoppel as it may be applied to our own judgments by the courts of this state. Our consideration is limited to a determination of the rule as it obtains in the state of Illinois, for, as has been said, no higher efficacy can be given to the Illinois judgment by the courts of this state than would be given to it by the courts of that state, and it appears, for the reasons stated, that that judgment having been entered by consent, would not in the courts of Illinois raise the bar of estoppel against the determination of the issue of desertion, which was tried and decided in this state adversely to the appellant.

For the foregoing reasons the judgment and order appealed from are affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.