[L. A. No. 1170.   In Bank.—January 2, 1906.]

# GEORGE F. HARDING, Respondent, v. ADELAIDE M. HARDING, Appellant.

DIVORCE — APPEAL — AFFIRMANCE OF DECREE — REVERSAL BY UNITED STATES SUPREME COURT—FOREIGN DECREE OF MAINTENANCE—FAITH AND CREDIT—EFFECT OF REVERSAL.—Where a judgment of this court affirming a decree of divorce in favor of plaintiff was reversed by the United States supreme court on the ground that this court had failed to give due faith and credit to a decree of maintenance obtained by defendant against plaintiff in another state, such reversal does not immediately reverse the judgment of the superior court, but upon the coming down of the *remittitur* the appeal is still pending in this court for such further disposition as is not inconsistent with the opinion filed by the federal supreme court.

ID.—SEPARATE DEFENSES — PLEA OF DECREE NOT WAIVED — ORDER OF PROOF.—The defendant in the divorce suit had the right to rely upon separate defenses, and when she denied plaintiff's residence and the desertion alleged, and pleaded the decree of another state awarding maintenance in her favor in bar of the action, such affirmative defense was deemed denied, and the natural order would be for her to prove the decree after plaintiff had produced his evidence; and the defendant did not waive such plea by cross-examining plaintiff's witnesses and offering witnesses in response thereto upon the merits of plaintiff's case, where she at all times insisted upon her plea of the judgment and proved it in support of her plea.

ID.—CASES OVERRULED.—Anything inconsistent in the cases of *Megerle* v. *Ashe,* 33 Cal. 74, and *San Francisco* v. *Spring Valley Water Works,* 39 Cal. 473, with the doctrine that a defendant does not waive his rights under a judgment pleaded in bar by the mere act of also contesting the claim of plaintiff upon its merits, and that the defendant may plead any and all of the defenses that he may have, that he may pursue and rely upon all of his defenses so pleaded to the end, and that if any defense so pleaded is found good, he is entitled to prevail, must be deemed overruled.

ID.—NEW TRIAL — RIGHTS OF PLAINTIFF — AVOIDANCE OF ESTOPPEL. — Upon the new trial which must necessarily result upon the record, although it is finally established that the allegations of the answer and the evidence in the record thereof showed an estoppel constituting a full defense to the sole cause of action for divorce asserted by plaintiff, and that defendant has not waived such defense, nevertheless plaintiff may urge every defense that he may have to the alleged estoppel; and if he can show that there was no judgment, or any fact inconsistent with those alleged in the answer in support thereof, or anything which legally avoids the estoppel, he may do so.

APPEAL from a judgment of the Superior Court of San Diego County. N. H. Conklin, Judge.

Opinion upon *remittitur* from the Supreme Court of the United States reversing the former judgment of this court (140 Cal. 690, [74 Pac. 284]), by which the judgment of the Superior Court was affirmed.

The facts are stated in the opinion of the court.

T. W. Hubbard, and Henry G. Tardy, for Appellant.

M. L. Ward, and Hunsaker & Britt, for Respondent.

ANGELLOTTI, J.—This case, after decision by this court, whereby the judgment of the superior court of San Diego County granting plaintiff a divorce from defendant on the ground of desertion was affirmed (140 Cal. 690, [74 Pac. 284]), was carried to the United States supreme court by a writ of error. That court, upon the ground that this court in affirming such judgment had failed to give to a decree of the courts of the state of Illinois, rendered therein in an action for maintenance theretofore prosecuted by defendant against plaintiff, the due faith and credit to which it was entitled under the constitution of the United States, reversed the judgment of this court, and remanded the cause to this court "for further proceedings not inconsistent" with the opinion filed by said supreme court. (198 U. S. 317, [25 Sup. Ct. 679].) Upon the coming down of the *remittitur* of the United States supreme court, a motion was made herein by defendant that "the *remittitur* in said action issue forthwith to the superior court in and for the county of San Diego, state of California." This motion was met by a counter motion on the part of plaintiff to proceed to hear and determine such matters involved in the appeal as have not been decided by the United States supreme court, and to take such further proceedings in accordance with the mandate of said court as are necessary for the proper disposition of the appeal of this court.

These motions have been submitted together.

It is apparent that under the judgment of the United States supreme court the appeal in this cause is now pending in this court, for such disposition as this court may deem proper, pro-

vided always that such disposition must not be inconsistent with the opinion filed by the federal·court. The reversal of the judgment of this court was not a reversal of the judgment of the superior court. To effect such a reversal there must, under the circumstances here existing, be a judgment of this court reversing such judgment. Whether such a judgment of reversal must follow the action of the United States supreme court depends upon the answer to the question as to whether any other course would be inconsistent with the opinion of that court. That opinion admittedly finally established the fact that the final decree of the Illinois court, pleaded and established by evidence in this action, constituted a full and complete defense to the sole cause of action for divorce asserted by the plaintiff herein. Plaintiff, however, urged on the original hearing of this appeal that, if such Illinois judgment had this effect, the defendant had, by defending on the merits, waived the benefits of the estoppel arising on such decree. This contention was not noticed by this court in its former decision; the court putting its decision on the ground that the Illinois judgment could not have the effect attributed to it by defendant, even if the benefits of the estoppel arising on such decree had not been waived. It is now contended by plaintiff that this question of waiver has not been foreclosed by the decision of the United States supreme court, and that this court may and should consider it, and if it finds upon the record that defendant has waived her rights under the Illinois judgment, it should affirm the judgment of the superior court. No other reason is suggested by plaintiff why the decision of the United States supreme court does not require a reversal of the judgment of the superior court.

We do not consider it necessary to here discuss the elaborate argument of counsel as to whether this question of waiver is now open to consideration by us, for if we should conclude that it is so open we are satisfied that it could not be held upon the record before us that defendant had waived the benefit of the Illinois judgment. The facts alleged to constitute such a waiver are few and simple. In her answer to the complaint for desertion, defendant, in addition to specially pleading with great minuteness the proceedings and decree of the Illinois court, and the judgment of the supreme court of that state on appeal, "as a bar to and estoppel of the said suit and supposed

cause of action set up by the plaintiff herein;'' also denied plaintiff's residence in California (a thing essential to his right to maintain the action) and the charge of ·desertion. Upon the trial in the superior court she did not object to evidence offered by plaintiff to sustain the allegations of his complaint, and she, through her attorneys, both cross-examined plaintiff's witnesses and offered certain evidence in response to the evidence adduced by him upon the merits of his cause. She at all times, however, insisted upon her claim that the Illinois judgment constituted a full defense, and introduced the record of the Illinois proceedings in evidence, and relied upon the same as a complete defense, and there is nothing to indicate any intention to waive the benefit of the Illinois judgment, unless such intention was manifested by defendant's failure to interpose any objection to such evidence as was offered by plaintiff upon the question of residence and desertion, her cross-examination of plaintiff's witnesses upon the subject, and the introduction by her of evidence tending to disprove the allegation of desertion. It is manifest that, under the circumstances, these facts indicated no intention on the part of defendant to waive the benefit of the Illinois judgment. Her failure to object to evidence offered by plaintiff to support the allegations of his complaint certainly indicated no such intent. It is apparent that any objection must necessarily have been overruled. The defense of a former adjudication pleaded by defendant was, like any other defense, deemed denied, and was available only upon proof thereof, which, in the natural order prescribed by our code (Code Civ. Proc., sec. 607), would be made only after the plaintiff had produced the evidence on his part. In receiving the evidence offered by plaintiff the trial court could not be called upon to anticipate the evidence of defendant. Any legal evidence offered by plaintiff in support of the allegations of his complaint was admissible, and any objection that might have been interposed thereto must necessarily have been overruled. Defendant, to save her right under the defense of former adjudication, was not compelled to make such untenable objections. It is equally clear that her cross-examination of plaintiff's witnesses, and the introduction of evidence tending to disprove their statements, indicated no intention of abandoning her other defense of former adjudication. She still affirmatively

insisted upon that defense and introduced her evidence in support thereof. Under our system she had the right to set forth, prove, and rely upon as many defenses as she had (Code Civ. Proc., sec. 441; *Banta* v. *Siller,* 121 Cal. 414, 417, [53 Pac. 935]; *Miles* v. *Woodward,* 115 Cal. 308, 315, [46 Pac. 1076]), and we know of no rule of law that required her to elect between her two defenses, even had the plaintiff asked the court to compel her so to do, which he did not.

Plaintiff contends that it is otherwise established in this state, and cites the case of *Megerle* v. *Ashe,* 33 Cal. 74, wherein it was said: "A party cannot rely upon a judicial determination of an issue by way of an estoppel, and also upon proof of the facts upon which the determination is based. The necessary effect of the estoppel is to preclude all inquiry as to the truth of the matter determined, and when a party who is entitled to set up the estoppel does open the inquiry into the truth of the matter, he cannot complain that the other party pursues it without regard to the estoppel." This language was used by a majority of the court in relation to a plaintiff who had endeavored to show that he had a valid pre-emption claim as a matter of fact, and also that it had been adjudicated by the land department, between him and defendant's grantor, that he had such a valid claim. The question was not important in that case, in view of the fact that the court held that defendant's grantor was not really a party to the other proceeding and that the record of the former adjudication was therefore not binding on him. We are at a loss to understand how the statement quoted, if it goes to the extent contended for by plaintiff, could be true under our system. In the later case of *San Francisco* v. *Spring Valley W. W.,* 39 Cal. 473, it was squarely held that a plaintiff, by attempting to plead the facts upon which an adjudication was based, and also pleading the adjudication, did not waive the benefit of the adjudication, and that although the facts pleaded did not state a cause of action, the allegations of prior adjudication did, and that a demurrer interposed to the complaint should have been overruled. It was said of *Megerle* v. *Ashe,* 33 Cal. 74, in the opinion, that such case "only decides that a party may waive the benefit of an estoppel to which he is entitled, and that he does so when he does not rely upon it, but takes issue upon the facts upon which the adjudication is based."

CXLVIII Cal.—26

The court further said: "The most usual manner in which it has been held that an estoppel is waived is by omitting to plead it. In this case the plaintiff has certainly not waived the benefit of the estoppel." It is somewhat difficult to see any distinction in principle between the case of one who asserts both claims in his pleadings and one who does the same thing by his evidence. If one is a waiver of the estoppel, the other would appear to be the same. But whatever construction may be put upon *Megerle* v. *Ashe*, 33 Cal. 74, and the later case of *Hicks* v. *Lovell*, 64 Cal. 14, 22, [27 Pac. 942, 49 Am. Rep. 679], where something is said that might be construed as an approval of the statement quoted from the former case, we are satisfied that, under our system, a defendant does not waive his rights under a judgment pleaded in bar, by the mere act of also contesting the claim of the plaintiff upon the merits. We can see no valid reason in such a case for any exception to the general rule applicable in this state, to the effect that a defendant may plead any and all of the defenses that he may have, that he may pursue and rely upon all of his defenses so pleaded to the end, and that if any defense so pleaded is found to be good he is entitled to prevail. If there be anything inconsistent with this in the two California cases relied upon by plaintiff, it must be considered as overruled.

The contention made as to waiver not being tenable, there can be no doubt that under the decision of the United States supreme court the judgment and order of the superior court must be reversed.

The following order is therefore made: The *remittitur* from the United States supreme court, reversing the judgment of this court and remanding the cause to this court for further proceedings not inconsistent with the opinion filed by said United States supreme court, having been produced and filed, and it appearing to this court that thereunder the judgment and order of the superior court in said cause must be reversed, it is ordered that the judgment and order denying the motion for a new trial be and the same are hereby reversed and the cause remanded to the superior court of San Diego County for further proceedings not inconsistent with the opinion of the United States supreme court and this opinion; further ordered, in accordance with the mandate of the United States supreme court, that defendant have execution from said supe-

rior court for her costs expended in said United States supreme court, amounting to $629.75, and also that she recover her costs on this appeal.

Beatty, C. J., McFarland, J., Lorigan, J., Shaw, J., Van Dyke, J., and Henshaw, J., concurred.

The following opinion was rendered on motion for rehearing:—

ANGELLOTTI, J.—The application for a rehearing on modification of opinion is denied. What was said in the opinion to the effect that the opinion of the United States supreme court "admittedly finally established the fact that the final decree of the Illinois court, pleaded and established by evidence in this action, constituted a full and complete defense to the sole cause of action of divorce asserted by the plaintiff herein," was said solely with reference to the conditions shown by the record on appeal. Upon that record, there was absolutely no defense to the estoppel in the slightest degree intimated, other than the alleged waiver urged in this court and disposed of by our opinion. If the findings of the trial court had been such as to justify that course, this court would have ordered judgment entered thereon in favor of defendant. There was, however, no finding broad enough to warrant this, and for that reason the cause was remanded for further proceedings not inconsistent with the opinions of the supreme court of the United States and this court. (*Harding* v. *Harding,* 198 U. S. 317, [25 Sup. Ct. 679] ; 140 Cal. 690, [74 Pac. 284].) Upon the new trial which must necessarily follow plaintiff may undoubtedly urge any defense that he may have to the alleged estoppel. What was finally established by the opinion of the United States supreme court is that the allegations of the answer, and the evidence in the record in support thereof, showed an estoppel, constituting a full defense to the sole cause of action for divorce asserted by plaintiff.

We have determined that the benefit of the estoppel was not waived by the acts of the defendant on the trial in the superior court. So much is the law of the case. If on a new trial defendant can show that there was no judgment of the Illinois court, or any other fact inconsistent with those alleged in the answer in support thereof, or anything which legally avoids

the estoppel, he will doubtless be allowed to do so, and there is nothing in the opinion already rendered which would preclude such showing.

Beatty, C. J., Shaw, J., Henshaw, J., and McFarland, J., concurred.