[Civ. No. 1165.   Second Appellate District.—December 12, 1912.]

# WILLIAM A. FOX, Appellant, v. MARY E. McDOWELL MICK and ERNEST BROOKS, Respondents.

ACTION UPON FOREIGN JUDGMENT—DEFICIENCY UPON FORECLOSURE OF MORTGAGE—DEFENSE OF FRAUD—In an action in this state upon a judgment for an alleged deficiency upon the foreclosure of a mortgage rendered in the court of another state, the defendants may show that the indorsement of their signatures upon the original summons in the foreign action was procured by means of fraudulent representations, and upon the representation that it was procured in lieu of a publication of summons, to prevent the necessity of such publication, and that it was a substituted service, and that it was agreed that no personal judgment should be entered against them.

ID.—RIGHT TO ASSAIL FOREIGN JUDGMENT TO DEFEAT JURISDICTION.— When a judgment recovered in one state is pleaded or presented in the courts of another state, whether as a cause of action or a defense, or as evidence, the party sought to be bound by it may always impeach its validity, and escape its effect by showing that the court which rendered it had no jurisdiction over the parties or the subject matter of the action, and its jurisdiction may be controverted by extraneous evidence.

ID.—SUPPORT OF FINDING IN FAVOR OF DEFENDANTS.—It is held that the finding in favor of defendants is supported by the evidence that it was understood between the parties that the sole and only purpose of signing the indorsement was to give the court such jurisdiction only as would follow due publication of the summons, and enable plaintiff to foreclose his mortgage without the delay and expense of publication, and that plaintiff told defendants that such service and appearance was in effect substituted service, and that no personal judgment would be taken against them therein.

ID.—STIPULATED RIGHT OF TRIAL COURT TO CONSIDER LAWS OF COLORADO—SUPPORT OF ORDER DENYING NEW TRIAL.—Where the exemplification of the record shows a Colorado judgment, and it was stipulated that the court might take judicial notice of the laws of Colorado, it cannot be said that the court erred in denying a new trial in the absence of any proof of such laws appearing in the record. It must be presumed that the trial court, pursuant to the stipulation, found some Colorado law which would render the Colorado judgment ineffective, and justify the order denying a new trial. The validity of a judgment is governed by the laws of the state where it was rendered.

APPEAL from an order of the Superior Court of Los 'Angeles County denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

J. Vincent Hannon, and Hannon & Gibbs, for Appellant.

Lucius M. Fall, and Edwin A. Meserve, for Respondents.

SHAW, J.—Action to recover upon an instrument purporting to be a deficiency judgment rendered by the district court of Arapahoe County, Colorado, in favor of plaintiff and against defendants herein. Judgment went for defendants. Plaintiff's motion for a new trial was denied, and he appeals from the order of court denying same.

The suit wherein the judgment was rendered by the district court of Colorado was one instituted to foreclose a mortgage executed to defendant Brooks by defendant Mick for the purpose of securing the payment of a certain promissory note made and delivered by her to Brooks. Defendant Mick deeded the mortgaged property to one White, who assumed and agreed to pay the amount of the mortgage. Brooks assigned the note and mortgage to plaintiff herein. At the time of the commencement of the suit all of the defendants therein, including White, were residents of California. Plaintiff secured the signatures of both Mick and Brooks to an indorsement upon the original summons, the effect of which was to enter their voluntary appearance in the action, waive answer and consent to a trial without notice to them, and likewise secured an entry of appearance by White, agreeing that no personal judgment should be entered against him. In their answer defendants alleged that the signatures to the indorsement claimed by plaintiff to constitute their general appearance in the action was procured by the misrepresentation, fraud and trickery of plaintiff, whereby they were led to believe that the effect of such appearance was merely in lieu of and equivalent to service by publication, and the court in effect so found. Appellant attacks this finding upon two grounds: 1. That as the judgment was rendered by a court of general jurisdiction, it must, in the absence of a direct attack thereon, be deemed to have had jurisdiction, and,

hence, it cannot be impeached or attacked collaterally; and 2. That the evidence is insufficient to support the finding. Neither position is tenable. "When a judgment recovered in one state is pleaded or presented in the courts of another state, whether as a cause of action or a defense or as evidence, the party sought to be bound or affected by it may always impeach its validity and escape its effect by showing that the court which rendered it had no jurisdiction over the parties or the subject matter of the action." (23 Cyc. 1578.) Whatever may have been the law as announced by the earlier decisions, it is now well settled that the record in such case is not conclusive upon the question of jurisdiction, but may be controverted by extraneous evidence. (*Thompson* v. *Whitman,* 18 Wall. 457, [21 L. Ed. 897] ; *Greenzweig* v. *Strelinger,* 103 Cal. 278, [37 Pac. 398] ; *Pennoyer* v. *Neff,* 95 U. S. 714, [24 L. Ed. 565] ; *Abercrombie* v. *Abercrombie,* 64 Kan. 29, [67 Pac. 539] ; *Duringer* v. *Moschino,* 93 Ind. 495; *Townsend* v. *Smith,* 47 Wis. 623, [32 Am. Rep. 793, 3 N. W. 439] ; *Fitzgerald Construction Co.* v. *Fitzgerald,* 137 U. S. 98, [34 L. Ed. 608, 11 Sup. Ct. Rep. 36] ; *Wood* v. *Wood,* 78 Ky. 624.)

As to the second point, that the evidence is insufficient to support the finding, it appears that upon the bringing of the action in Colorado plaintiff's attorney wrote to plaintiff, who was then in Los Angeles County, where defendants resided, inclosing with the letter the original summons issued in the case and suggesting to plaintiff that he have the defendants sign the indorsement upon the back of the summons, stating: "they should accept service willingly, as we can secure the same result by publication and waiting longer." The evidence of both defendants tends to show that it was understood between plaintiff and themselves that the sole and only purpose of signing the indorsement was to give the court such jurisdiction only as would follow due publication of summons and enable plaintiff to foreclose his mortgage without the delay and expense of such publication, and that plaintiff told defendants that such acceptance of service and appearance was in effect substituted service, and that no personal judgment would be taken thereon. This theory is borne out, not only by the letter of instruction, but by the evidence of plaintiff himself, who testified as follows: "I have not the

recollection of telling her anything, and I don't believe I told her anything more than that was a copy of the summons and complaint, and I would gain the same end by publication if she did not sign it, and she seemed perfectly willing to sign it.'' The end gained by publication of summons would not confer jurisdiction to render a personal judgment. It is thus apparent that the purpose and intention of the parties was not to obtain personal service upon defendants, but to obtain such service only as might be had by a publication of the summons.

There is another point, however, which, upon any view of the case, is fatal to appellant's claim for a reversal of the order. The court found that *no proof whatever* was offered to sustain the allegations of the complaint other than the purported exemplified copy of the record of the proceedings, together with the certificate thereto attached, all of which documents constituting the alleged record are set out in *haec verba* in the finding. The court's conclusion of law based upon this (and other findings not now under consideration) was that plaintiff was entitled to nothing and that defendants should have judgment for costs. Whether or not this finding justifies the conclusion of the court depends upon the law applicable to the evidence so found by the court to have been given and so embodied in the finding. The validity and effect of a judgment, however, is governed by the laws of the state where it is rendered. (23 Cyc. 1547; *Peet* v. *Hatcher,* 112 Ala. 514, [57 Am. St. Rep. 45, 21 South. 711].) If it be made to appear that the judgment sued upon in another state is void, or for any reason nonenforceable, by statute or otherwise, in the courts of the state wherein rendered, it must be held likewise nonenforceable in an action brought thereon in a sister state. Where the law of another state is invoked as affecting a right asserted in the courts of this state, proof thereof must be made by evidence showing the existence of such law. Otherwise, the law of such state applicable to the case will be deemed to be the same as that of this state. (*Cavallaro* v. *Texas Ry. Co.,* 110 Cal. 348, [52 Am. St. Rep. 94, 42 Pac. 918]; *O'Sullivan* v. *Griffith,* 153 Cal. 502, [95 Pac. 873, 96 Pac. 323].) In the trial of the case at bar no proof was made as to any laws of Colorado. Nevertheless, the presumption that they are the same as those

of California is overcome by the fact that during the progress of the trial the learned trial judge presiding therein, in open court stated: "I take judicial notice of the laws of Colorado. All the laws of Colorado, whatever they are in the published books—it is so stipulated." Neither party present in court expressed any dissent therefrom, and under the circumstances their silence must be deemed equivalent to an assent. Having so stipulated, we must presume that the trial judge in considering the record of the Colorado court introduced in evidence took judicial notice of the laws of Colorado, and found some provision of law which, upon applying it to the evidence embodied in his findings, justified his conclusion that the judgment rendered by the Colorado court was void, or at least, by reason of irregularity, nonenforceable. To justify a reversal it must appear that error has been committed by the trial court. In the absence of any proof of the law of Colorado, which under the stipulation it is presumed the court applied to the facts, we cannot say that it erred in making the order denying plaintiff's motion for a new trial.

Other assignments of error, conceding appellant's contention therein, are, in view of our conclusion, rendered harmless; hence, it is unnecessary to discuss them.

The order appealed from is affirmed.

Allen, P. J., and James, J., concurred.