[Civ. No. 1544. Second Appellate District.—February 2, 1915.]

## MEYER GOLDSMITH, Respondent, v. LENA GOLD-SMITH, Appellant.

DIVORCE — ADULTERY — EVIDENCE — LETTERS OF DEFENDANT TO CO-RESPONDENT—LACK OF CORROBORATED TESTIMONY.—A decree granting the plaintiff a divorce on the ground of adultery is unsupported by the evidence, where the only proof of the charge consists of letters in the handwriting of the defendant addressed to the alleged co-respondent at various places containing terms of endearment and expressions from which it might be fairly deduced that the relations between the writer and the addressee were of an intimate character, without any corroborating testimony.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Charles Munroe, Judge.

The facts are stated in the opinion of the court.

Frank S. Adams, and Adams & Mahan, for Respondent.

W. A. Martin, for Appellant.

JAMES, J.—Respondent brought this action to secure from appellant a decree of divorce on the ground of adultery. A cross-complaint was filed in which appellant set up causes of action for extreme cruelty, desertion, and failure to provide. The trial judge granted to plaintiff the decree and defendant appealed from an order made denying her motion for a new trial.

It is urged that the evidence is insufficient to justify the decision of the court, and with this contention we must agree. In the complaint four specific acts of adultery were charged as having been committed by appellant with one Ben Gordon, (or Van Gordon) in the year 1910. The court made a general finding that in the year mentioned appellant had been guilty of the act charged against her. Respondent, the husband, testified that he knew nothing of the alleged adulterous acts having been committed of his own knowledge. He testified that the man Ben Gordon had called upon him and handed him a number of letters which the witness said were in the handwriting of the appellant. These letters were introduced in evidence and constituted practically the entire evidence which tended to show that appellant was guilty of the acts of which she was accused. The letters were addressed to the man Gordon at various places and contained terms of endearment and expressions from which it might be fairly deduced that the relations between the writer and Gordon were of an intimate character. There were two letters introduced in evidence written by the man Gordon to appellant at about the time the action for divorce was commenced. These letters were full of malicious and revengeful statements directed by the writer against appellant and furnished no evidence of the commission of the adulterous acts alleged, either when considered alone or in connection with the letters previously written by appellant to Gordon. The trial judge at the conclusion of the hearing announced that he would grant the decree based on the letters alone. Of course, if it appeared from all of the evidence, irrespective of the statement of the court as to the particular items thereof which influenced his decision, that the charge as found against appellant had been made out, it would be the duty of this court to sustain the judgment. But there was no other evidence of a material character which, when considered with the contents of the letters, could be said to make out a case for

respondent. It is expressly provided by our statutes, both in the Civil Code and in the Code of Civil Procedure, that such a decree as that rendered herein cannot be based upon the uncorroborated statement, admission, or testimony of the parties to the action. (Civ. Code, sec. 130; Code Civ. Proc., sec. 2079.) The evidence was insufficient to support the decision of the court. (*Hayes* v. *Hayes,* 144 Cal. 626, [78 Pac. 19].)

The order denying the motion for a new trial is reversed.

Conrey, P. J., and Shaw, J., concurred.