[Civ. No. 3540.   Second Appellate District, Division Two.—July 27, 1921.]

## WILLIAM A. KOENIGSTEIN, Appellant, v. MINNIE B. KOENIGSTEIN, Respondent.

[1] MAINTENANCE—EVIDENCE — UNCORROBORATED TESTIMONY—INAPPLICABILITY OF CODE PROVISIONS.—The code provisions to the effect that a decree of divorce cannot be based upon the uncorroborated statements, admissions, and testimony of the parties to the action apply to divorce cases only and not to actions for separate maintenance.

[2] ID.—ADULTERY—PROOF BY CIRCUMSTANCES.—A party relying on a charge of adultery has the burden of proof, and, in making such

proof by circumstances, a criminal disposition or desire in the mind of both the offending party and the *particeps criminis* and an attempt to commit the crime must be shown.

[3] APPEAL—FINDING—EVIDENCE.—Where there is substantial evidence to support a finding, such finding will not be disturbed on appeal.

[4] MAINTENANCE—ADULTERY—SUFFICIENCY OF EVIDENCE. — In this action for divorce, wherein defendant filed a cross-complaint for separate maintenance, alleging habitual intemperance and adultery, the evidence is sufficient to support the finding of adultery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

Mulford & Dryer and Robert A. Morton for Respondent.

CRAIG, J.—In this action the plaintiff sought a divorce. The defendant answered and filed a cross-complaint for separate maintenance. The cross-complaint alleged habitual intemperance and adultery on the part of plaintiff. The case was tried and the court gave judgment against the plaintiff and in favor of the defendant. The court found both the allegations of adultery and habitual intemperance to be true. The grounds of the appeal are that the evidence does not support certain findings.

Finding VI is as follows: "That plaintiff, at divers times, did commit adultery with one Rose L. Geist Lee, formerly Rose L. Geist, at the city of Norfolk, Nebraska, and elsewhere; that each and all of said acts of adultery were committed without the consent, connivance, procurement, or previous knowledge of defendant, and that defendant has not lived or cohabited with plaintiff since she became cognizant of the commission by plaintiff of the said several acts of adultery."

In the case of *Goldsmith* v. *Goldsmith*, 26 Cal. App. 458, [147 Pac. 214], cited by appellant, it was held that the evidence was insufficient to support a finding of adultery. In that case the entire evidence concerning that matter was contained in certain letters written by defendant to a man named Gordon. [1] The decision is expressly based upon

the provisions of our Civil Code, section 130, and our Code of Civil Procedure, section 2079, to the effect that a decree of divorce cannot be based upon the uncorroborated statements, admissions, and testimony of the parties to the action. These sections apply to divorce cases only and the case is, therefore, not in point in this action for separate maintenance.

[2] With reference to the degree of proof required to establish adultery, we may quote the language of the court in *Hartshorn* v. *Hartshorn* (Okl.), 168 Pac. 822, as follows: "The party relying on the charge of adultery has the burden of proving it by a fair preponderance of the evidence. In proving adultery by circumstances two facts must be established, a criminal disposition or desire in the mind of both the defendant and the *particeps criminis,* and an opportunity to commit the crime."

In the case at bar, the principal evidence to support finding VI is a letter written by Koenigstein to Rose L. Geist Lee. It refers to a telegram sent by her and which Mrs. Koenigstein had opened. The letter is a long one and it would serve no useful purpose to quote it here in full, but throughout it contains a strong inferential admission that the defendant and "Dearest Rose," to whom it is addressed, had occupied so close a relationship as to permit a reasonable and just man, viewing the matter with guarded discretion, to be satisfied that both opportunity and the desire to commit adultery had existed between them.

From the letter it appears that the defendant had visited "Rose" on different occasions in Omaha; the writer asserts that he had been square with her; had sent her ten dollars a week since she had left; that he "had no one else all the time I have been with you"; that somebody had "spilled the whole thing" of defendant going to see her.

The trial court, no doubt, also considered the fact that this letter was written by a married man to one not his wife and the entire circumstances, involving guilty conduct of the defendant, such as his immediate departure from his home as soon as he knew that his wife had the information he mentioned in his letter to "Rose."

[3] Where there is substantial evidence to support the decision of the trial court, it is a familiar rule that its finding will not be disturbed. (*Clopton* v. *Clopton,* 162 Cal.

27, [121 Pac. 720].)  **[4]**  On this principle, we are satis-
fied that a reversal would not be justified upon the ground
that the evidence is insufficient to support finding VI.  It
will be unnecessary to consider the contentions of appellant
concerning the other findings of which complaint is made
because the existence of a cause for separate maintenance
under the finding which we have examined is sufficient to
justify the judgment rendered in favor of the plaintiff on
her cross-complaint.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on September 22, 1921.

All the Justices concurred, except Shaw, J., who was
absent.