[Civ. No. 4236.   Fourth Dist.   July 17, 1951.]

ZELDA RALL, Respondent, v. MAYNARD M. LOVELL, Appellant.

Minnie N. Maguire and Bertrand L. Comparet for Appellant.

Price, Nottbusch, Cory & Schwartz for Respondent.

MUSSELL, J.—Defendant appeals from a summary judgment for plaintiff in an action on a judgment rendered in a divorce action in the State of Montana.

It was alleged in the amended complaint, filed December 7, 1949, that plaintiff is the former wife of defendant and was plaintiff in a divorce action against defendant brought in the State of Montana; that the decree rendered therein provided "that the defendant pay to the clerk of the court as and for the support and maintenance of certain minor children, Kenneth M. Lovell, a son, Marjorie Lovell, a daughter, and Jno. Stanley Lovell, a son, the sum of $40.00 per month until further order of this court, or until said minors reach their majority"; that as of June 1, 1949, after deducting certain payments made by and on account of the defendant, the sum of $4,000 was owing and unpaid on said judgment; that Jno. Stanley Lovell is still a minor and that the other two children have reached the age of majority. Judgment was prayed for in the sum of $4,000, interest and costs.

Defendant, in his answer, admitted the rendition of the Montana decree and alleged that he had paid the sums for which he had been given credit by plaintiff and had paid an additional sum of $20 on February 1, 1949. He then denied the allegations of the amended complaint not expressly admitted to be true and alleged that any cause of action of plaintiff was barred by the provisions of subdivision 1, section 336 of the Code of Civil Procedure as to any and all sums of money due or payable under the decree more than five years prior to the commencement of the action; that during said five-year period he had paid not less than the sum of $800 as required by the Montana decree; that during the five years immediately preceding the commencement of this action only one child of the parties, to wit Jno. Stanley Lovell, was at any time under the age of majority. Defendant then alleged that a petition had been filed in the Montana court requesting it to construe its judgment and to adjudge that said judgment and decree provided for the payment of the sum of $13.33⅓ for each child per month, a total of $40 for all three children during their minority, and that when each of said children reached the age of majority or became emancipated or was not under the care of the plaintiff, the amount to be paid by the defendant was then reduced by the sum of $13.33⅓ per month per child; that the said petition is still pending and undetermined before said court; that both of the parties hereto made their appearance before said court in the pro-

ceedings upon said petition by their respective counsel of record. The prayer of the answer was that no further proceedings be had herein until the determination of the aforesaid petition now pending before the Montana court.

Defendant's answer setting forth the foregoing matters was filed January 19, 1950, and notwithstanding the appearance of both parties in the Montana court, the plaintiff, on March 28, 1950, filed a notice of motion for a summary judgment in the instant action and in support thereof filed an affidavit of the plaintiff setting forth the terms of the Montana judgment and stating that the proceedings referred to in the Montana court to construe its judgment and decree had been vacated indefinitely without a decision having been reached, pursuant to a stipulation that said proceedings would remain in abeyance until settlement or decision had been reached in the instant case.

Defendant filed an affidavit setting forth the pendency of the hearing on the petition in the Montana court and stated that it was first noticed to be heard on September 26, 1949, and was first continued at the request of the plaintiff and that no stipulation had been entered into whereby the hearing upon said matter had been or would be vacated.

On May 1, 1950, the trial court herein granted plaintiff's motion to strike out the answer of the defendant and to enter judgment in favor of the plaintiff, and it was thereupon decreed that the plaintiff recover of the defendant the sum of $2,037.33 and costs.

The principal question involved in this appeal is whether the trial court abused its discretion in striking out the answer of the defendant and entering a judgment in favor of the plaintiff. We think this question must be answered in the affirmative.

A motion for a summary judgment is not a trial upon the merits. It is merely to determine whether there is an issue to be tried. (*Shea* v. *Leonis,* 29 Cal.App.2d 184, 187 [84 P.2d 277]; *Walsh* v. *Walsh,* 18 Cal.2d 439, 442 [116 P.2d 62]; *United States Fidelity & Guar. Co.* v. *Sullivan,* 93 Cal.App. 2d 559, 561 [209 P.2d 429]; *Coyne* v. *Krempels,* 36 Cal.2d 257, 261 [223 P.2d 244].)

As was said in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 555 [122 P.2d 264]:

"At the outset it should be observed that there are several pertinent fundamental principles which should be observed in the application of and procedure under section 437c. The

issue to be determined by the trial court in consideration of a motion thereunder is whether or not defendant has presented any facts which give rise to a triable issue or defense, and not to pass upon or determine the issue itself, that is, the true facts in the case.'' (Citing many cases.)

As heretofore noted, the answer of the defendant set forth the pendency of proceedings between the parties in the Montana court wherein both parties appeared and submitted to the jurisdiction of the court. Triable issues of fact were presented as to the amount, if any, due under the judgment and the applicable law of the State of Montana. The law of the state where the judgment was rendered and by which its effect is to be determined must be established as a fact, though the effect of the law when proved is a question of law for the court. (15 Cal.Jur. § 247, p. 243; *Cummings* v. *O'Brien,* 122 Cal. 204 [54 P. 742].) The validity and effect of the Montana judgment is governed by the laws of that state. (15 Cal.Jur. § 246, p. 241.)

A triable issue and defense was presented by the pleadings in the instant action where it appears that both parties sought a determination of the Montana law applicable to the terms of the divorce decree. Furthermore, a special defense was pleaded as to the application of the statute of limitations to certain of the payments to be made under the terms of the Montana decree. In addition, issues of fact were raised by the pleadings as to the amount paid on the judgment by the defendant and as to whether the petition for the construction of the Montana decree was pending or whether it had been dropped from the calendar by stipulation.

The extent of defendant's liability is determined by the terms of the Montana decree. Such a decree will be enforced only for the amount for which it is enforceable in the state in which it was rendered and a payment of that judgment discharges the obligation. (Restatement, Conflict of Laws, §§ 436, 441.)

As was said in *Harding* v. *Harding,* 140 Cal. 690, 694 [74 P. 284] :

'' 'The first question to be determined in regard to a judgment of another state, after jurisdictional inquiries have been satisfactorily answered, is, What is its effect in the state whence it was taken? The effect which it has there is precisely the effect which must be accorded to it in every other state. It must not be given any greater effect than it has in the state

where it was rendered.' " See, also, *Fox* v. *Mick*, 20 Cal.App. 599, 603 [129 P. 972].)

On November 29, 1950, a certified copy of the order of the Montana court construing the terms of the decree therein entered, and signed by the same judge who tried the case, was filed in this court. It is apparent that under the judgment as therein construed, and the pleadings in the present action, the defendant has complied with the terms of the Montana judgment. If the summary judgment herein is allowed to stand, we then have a judgment in the State of Montana which has been satisfied and a judgment in California establishing a liability on the part of the defendant for the sum of $2,037.33. The summary judgment statute is drastic and its purpose is not to provide a substitute for existing methods in the trial of issues of fact. (*Walsh* v. *Walsh*, 18 Cal.2d *supra*, page 444; *D. E. Sanford Co.* v. *Cory Glass etc. Co.*, 85 Cal.App.2d 724, 731 [194 P.2d 127].)

Under the circumstances presented by the record before us, we conclude that there should have been a trial on the issues of fact raised by the pleadings and that the trial court erred in striking out the answer of the defendant and in granting a summary judgment.

Judgment reversed.

Barnard, P. J., concurred.