[Civ. No. 4180. Fourth Dist. Oct. 25, 1951.]

ALICE C. KARAS, Plaintiff and Respondent, v. HENRY M. KARAS, Appellant; RICHARD L. BOORMAN, Corespondent and Respondent.

Taylor F. Peterson for Appellant.

Henry F. Rager for Respondents.

GRIFFIN, J.—Plaintiff and respondent brought this action for divorce against defendant and appellant, based on the charge of extreme cruelty. She sought the custody of the minor child, Roldan Scott Karas, aged 2 years, distribution of the community property to her, and general relief. Defendant answered and by way of cross-complaint sought a divorce from plaintiff on the ground of adultery with the named co-respondent, and upon the ground of extreme cruelty, and sought the same relief for which plaintiff prayed. The trial

before the court resulted in a finding and judgment in favor of plaintiff. Defendant challenges the sufficiency of the evidence to support the finding and judgment.

Plaintiff and defendant were married in 1945. According to plaintiff's testimony, they separated on December 13, 1949. This fact is disputed by defendant. Plaintiff testified that defendant drank to excess; that he drank "wine by the glassful," "over a quart a day," and that "you would never see him without a whiskey glass" with liquor in it, even though the bills were not paid; that he was very mean and at night when she came home from work he continually used swear words toward her; that he would threaten to kill her and that she would cry; that he would break dishes and throw dishes through the windowpanes; that most of their trouble was over sex problems; that defendant suggested plaintiff sleep with other men; and that defendant told her on one occasion he was worried about their minor son because he, defendant, had epilepsy and that it was hereditary. Defendant was being treated at the Veterans Hospital after he quit work in April, 1948.

Apparently plaintiff and defendant were living with plaintiff's parents who cared for the child. They were living upon a small chicken ranch owned by the parties to this action. Plaintiff's mother and sister corroborated plaintiff's story in many respects.

Defendant produced testimony that indicated that the parties did not separate on the date alleged; and that defendant did not drink to excess. He produced two private investigators who testified that they were employed by defendant to watch plaintiff over a period of time from February 11th to the latter part of March, 1950; that they observed plaintiff going to the apartment of the named corespondent on several evenings; that the lights were turned off for several hours and that plaintiff would thereafter leave the apartment and return to her home. Plaintiff admitted that she did visit the corespondent on several occasions but claimed she was listening to phonograph records and that she enjoyed them so much more in the dark; and that her husband knew this latter fact. She denied having any sexual relations with the corespondent and stated that her attorney told her she could go with anyone she wanted to after she had seen her attorney about the divorce. The complaint in this action was filed on February 28, 1950.

Defendant denied drinking to excess, admitted breaking windows but denied generally the other accusations of plain-

tiff and testified he was possessed of semiconscious spells, periods of amnesia and would get lost; that he went to the Veterans Hospital in June, 1948, received treatment, and was in the hospital for about two months; that he went back periodically and was still receiving treatments. The evidence further shows that shortly before this action for divorce was filed defendant went to New York to be with his relatives and that when this action was filed he returned to California. Defendant's physician diagnosed his condition as ''psychomotor epilepsy'' or ''psychoneurotic condition,'' and as to the latter diagnosis he arrived at this conclusion after seeing defendant in one of these ''attacks.'' This is a résumé of the evidence upon which the case was submitted to the trial court for decision, at which time the parties agreed that the court might consult with the plaintiff and defendant in chambers respecting the future welfare and well-being of the minor child. Thereafter the court found generally in favor of plaintiff and against the defendant on his cross-complaint, and accordingly awarded an interlocutory decree of divorce to plaintiff. It specifically found that plaintiff was a fit and proper person to have the care and custody of the child, and gave the right of reasonable visitation to defendant, ordered the community property sold, and, after payment of debts, the balance of the property was to be divided equally between the parties. Defendant was required to pay $30 per month toward the support of the child. He appealed from the whole of the judgment.

Most of the evidence produced by the parties was in conflict and the trial court had a right to believe or disbelieve the testimony of any witness. While the question of the sufficiency of the evidence, as a matter of law, to support a finding may be presented to the appellate court for review, that court's duty stops when it has determined that there is some substantial evidence to support it. It will not weigh the evidence, pass upon the credibility of the witnesses, nor substitute its judgment thereon for that of the trial court. (2 Cal. Jur. p. 912, § 539.) Under this rule the finding that plaintiff should be awarded a decree of divorce under the evidence, having sufficient evidentiary support, cannot be disturbed on appeal. Where a cause of action for divorce is established, broad discretion resides in the trial court in determining, even upon conflicting evidence, to whom the interlocutory decree should be awarded. (*Harding* v. *Harding,* 140 Cal. 690 [74 P. 284]; 9 Cal.Jur. p. 780, § 128, and

cases cited.)   See, also, *Andrews* v. *Andrews*, 120 Cal. 184 [52 P. 298] ; *Goldsmith* v. *Goldsmith*, 26 Cal.App. 458 [147 P. 214].

The next argument is that there is no evidence nor finding that defendant's conduct had any effect upon plaintiff's health or that she experienced any grievous mental suffering by reason thereof, citing such cases as *Farrand* v. *Farrand*, 77 Cal.App.2d 840 [176 P.2d 773].)

There is evidence that defendant made indecent sexual proposals to plaintiff, threatened her and at the same time raised a small stepladder as if to strike her.   Plaintiff's mother testified that she often saw and heard her daughter crying on these occasions, and other witnesses testified concerning defendant's actions, and that it caused plaintiff to cry and be very unhappy.   We conclude that the evidence supports an inference that plaintiff endured grievous mental suffering.   In view of this evidence and since the court found that plaintiff's allegation that she endured "grievous mental suffering" was true, this finding cannot be disturbed on appeal.   (*Bush* v. *Bush*, 72 Cal.App.2d 487 [164 P.2d 774] ; *Maloof* v. *Maloof*, 175 Cal. 571 [166 P. 330].)

The trial court properly rejected the contention of defendant that the evidence conclusively showed, by certain letters, a condonation of previous offenses of defendant.   (Civ. Code, §§ 115-118.)

While the evidence on the question of the date of separation of the parties is conflicting, the trial court was the judge of that question.   (*Harding* v. *Harding, supra.*)

The last question involves the propriety of that portion of the decree awarding custody of the minor child to plaintiff, as indicated.   Counsel for defendant concedes that the statutory rule provides that other things being equal, the custody of a child of tender years should be given to the mother, but argues that "things here are far from equal" and the actions of the mother were "so reprehensible that it must shock the judicial conscience to observe that the trial judge granted her a divorce and custody of the child."   In this respect the trial judge was confronted with the showing, which he found to be true, that defendant was a person who drank to excess, used abusive language, who was physically afflicted, and not a person who was well able to care for a child 2 years of age.   While the evidence, on the other hand, might show some indiscretions on the part of the plaintiff, which are not to be condoned, the trial court was justified in finding that the welfare of the child

would be better served by placing him in plaintiff's custody instead of in the custody of some outside agency or some third person. The question of awarding the custody of minor children oftentimes presents perplexing problems. The law has placed a wide discretion in the trial courts in this respect, particularly in reference to children of this age. It is to their welfare the court looks while exercising its discretion. From the record it appears that the judge was most interested in this phase of the case. He conferred with the parties in chambers on the subject and ultimately concluded, after careful study, that the award of the custody to plaintiff, with the right of reasonable visitation by the defendant, was the proper order. Where the child's best interests and welfare are involved, many cases may be cited in which even the guilty or offending parent has been given the custody of the minor children. (9 Cal.Jur. p. 792, § 135.) No abuse of discretion appears warranting a reversal of the order in this respect.

Judgment affirmed.

Barnard, P. J., concurred.