## GARRISON v. SPENCER *et al.*

No. 6786.   Opinion Filed October 10, 1916.

(160 Pac. 493.)

1. **GIFTS—Inter Vivos—Gift by Husband.** A married man may, during his lifetime, give away his separate property, and such gift will be valid and binding against his widow, where she is not a creditor within the contemplation of the statute against fraudulent conveyances.

2. **SAME—Delivery of Gift.** A gift of chattels is complete and valid as an executed gift by deed alone and without an actual delivery of the chattels.

(Syllabus by the Court.)

*Error from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Action by Sallie A. Garrison against Myrtle Spencer and another.  Judgment for defendants, and plaintiff brings error.  Affirmed.

*Bond, Melton & Melton* and *Burns & Sandlin,* for plaintiff in error.

*Womack & Brown,* for defendants in error.

TURNER, J.   On July 12, 1912, Sallie A. Garrison, plaintiff in error, sued T. L. Garrison in the district court of Stephens county.  Her petition alleged that she was the wife of the defendant; that he was the owner of certain real estate and was about to transfer same to his two daughters, Myrtle Spencer and Alice Sampson, with intent to defeat the claim of plaintiff in her right to separate maintenance; that he was ill and in failing health and desired to discontinue his marital relations with plaintiff. She prayed to be allowed a sum certain for separate maintenance and for an injunction, and that a receiver be ap-

pointed to take charge of his property. On the same day she filed her "amended and supplemental" petition, making both Myrtle and Alice parties defendant, and alleged that the defendant had, on July 12, executed and delivered to his two daughters, Myrtle and Alice, a deed purporting to convey to them all his real and personal property, a copy of which she set forth as an exhibit; that said deed was void, because of his mental incapacity to make it; and prayed that they be enjoined from disposing of the property and that the deed be set aside. They were enjoined as prayed. On January 28, 1913, plaintiff filed her "second amended and supplemental" petition, alleging that Garrison died in July, 1912, shortly after the original petition was filed; that at the time of his death he was the owner of the property in controversy; that she was his lawful wife; that she and the defendants, Myrtle and Alice, were his sole heirs; that prior to the execution of the deed on July 12, 1912, Garrison had been in failing health, was mentally unsound and incapable of transacting business; that defendants conspired together to secure his signature to said deed; that the same was without consideration; that it was executed for the purpose of depriving plaintiff of her right to separate maintenance and her right to inherit a share of said property; and that the instrument was a fraud upon her rights. She prayed that the deed be set aside; that the court decree plaintiff and defendants to be the sole heirs of said Garrison, and make the proper orders distributing the property.

Defendants answered and, after a general denial, admitted that plaintiff was the wife of Garrison; that the property in controversy was owned by him at the time of his death; that he, by the deed of July 12, 1912, conveyed all his property to them. They denied that he was mentally

unsound or incapable of making the deed, and that the same was procured through fraud or undue influence, and alleged that the deed was executed by him with intent to pass the title to the property described therein to them.

Upon the issues, thus joined. the cause was tried to the court, who made the following findings of fact and conclusions of law:

"(1) The court finds that the conveyances made to Myrtle Spencer and others by T. L. Garrison, now deceased, were made voluntarily, without duress, fraud, or undue persuasion, and that, at the time such conveyances were made, such conveyances were made with the intent of said T. L. Garrison, deceased, to place his property in the control of the grantees named in such conveyance and to the exclusion of his wife, Sallie A. Garrison.

"(2) The court further finds that, at the time such conveyances were executed, the said T. L. Garrison was without knowledge or belief that the plaintiff, Sallie A. Garrison, was preparing or expecting to institute action for divorce or suit for alimony or maintenance against the said T. L. Garrison.

"(3) The court further finds that at the time of the conveyance in question that the said T. L. Garrison, deceased, was in no wise indebted to said Sallie A. Garrison, the plaintiff herein.

"(4) The court further finds that, subsequent to the execution of the conveyances by the said T. L. Garrison to the defendants herein, the said T. L. Garrison undertook an action in replevin relative to the control and custody of certain portions of the property sought to be conveyed to the defendants herein, to wit, one span of mules.

"(5) The court further finds that there was never any manual delivery of the personal property named in the conveyance executed by the said T. L. Garrison to the defendants herein, but that such conveyances were properly recorded in the office of the register of deeds of Stephens

county, Okla., and that, prior to the death of the said T. L. Garrison, said T. L. Garrison regarded such personal property as belonging to and in the possession of the defendants herein.

"(6) The court further finds that, at the time of the execution of such conveyances, the said T. L. Garrison was suffering from pellagra and was weakened in both mind and body, but at the time of the execution of such conveyance that said T. L. Garrison had sufficient capacity and understanding and mental activity as to fully understand the meaning and purport of his acts and the nature of the instruments executed by him.

"(7)   The court further finds that at the time of the execution of such instrument that it was the purpose and intent of the said T. L. Garrison, deceased, to execute a deed of gift to the defendants herein.

"1.   The court concludes that the gift from said T. L. Garrison, deceased, to the defendants herein, having been acknowledged by a written instrument, duly recorded, manual delivery of the personal property covered by such written instrument was unnecessary.

"2.   The court further concludes that said deeds of conveyance were sufficient to pass title to the real property mentioned therein.

"3.   The court further concludes that said conveyances were valid and transferred such interest as the said T. L. Garrison, deceased, had in said property, to the defendants herein."

This was not a conveyance in fraud of creditors and void under the statute, as contended. This for the reason that plaintiff, whose only claim on him was for support and maintenance and who lived with him and was by him supported and maintained up to his death, was not a creditor of her husband. Neither has she a claim upon his property as an heir or distributee. Being his separate prop-

erty and not the homestead of the family, he had a right to give the property away as he did. These points are ruled by *Farrell v. Puthoff*, 13 Okla. 159, 74 Pac. 96. There the facts were that the grantor had conveyed his land to one who he thought was his second wife. His divorce from his first wife was void. After his death, suit was brought by her to set aside the deed, which she alleged was executed in fraud of her as a creditor; but the court held that such she was not, and said:

"It was his separate property, and she had no interest whatever in it, further than he was obliged to support her during his life, provided he was not legally divorced; and, under the record, this court holds that his divorce proceedings were void.

"Section 2967 of the Statutes of 1893 provides: 'Except as mentioned in section 2296 (which compels the husband to support his wife) neither husband nor wife has any interest in the property of the other, but neither can be excluded from the other's dwelling.'

"Under this section, Dowling had a right to convey his separate property, and to give it to Anna B. Puthoff Dowling. He had lived and cohabited with her, as husband and wife, for five years, and as a complete settlement he gave her this land and other property, and he, during his lifetime, after having gone through the form of a marriage ceremony and living with her as he did, and entering into the contract of separation, and executing the deed of conveyance, would not have been heard to say that the deed was without consideration. So far as the record shows, he, in good faith, intended to convey the legal title to her, and once the gift was complete, no one but creditors, or some one representing them or their interests, could recall it. If he could not have cancelled the deed during his lifetime, then his first wife and daughter cannot do so after his death. It is true that the law makes it possible for a man, during his life, to give practically all of his property to those to whom he owes no obligation, and deprive those of

his own household of the comforts of life; but this is only an incident to the right of husband and wife to own and control separate property. Treating the case under consideration in its most favorable light for the plaintiff, the conveyance of the land from Dowling to the grantee was simply a gift, which was complete, and the possession delivered to her long before his death. As he was bound by it during his life, so are his heirs bound after his death."

The court was right when it held that the gift was good, the same being acknowledged by deed duly recorded, and that manual delivery of the personal property described in the deed was unnecessary. The deed contains this clause:

"I also give both title and possession to all my personal property of any and all kinds, including horses, mules and colts and jack; also all notes which I have to my said daughters."

This for the reason stated in 14 Am. & Eng. Enc. Law, 1045. There it is said:

"A valid gift may be made by deed, although the property is not delivered to the donee."

In *Tarbox v. Grant,* 56 N. J. Eq. 199, 39 Atl. 378, it is said:

"* * * The authorities hold that a gift of chattels or choses in action, by deed, is complete and valid as an executed gift by the deed alone and without an actual delivery of the chattel or security itself. 2 Kent. Comm. 438, citing *Flowers' Case,* Noy, 67; *Hooper v. Goodwin,* 1 Swanst. 486 (1818), and cases cited; 8 Am. &. Eng. Encyc. L. 1331; *Carr v. Burdiss,* 1 Cromp., M. & R. 728, 788."

In *Irons v. Smallpiece,* 2 Barn. & Ald. 551, the doctrine stated in the text was recognized as a part of the common law.

There is no merit in the remaining contentions.

The judgment of the trial court is affirmed.

All the Justices concur.