## SAIED et al. v. KOURI.

No. 19530. Opinion Filed July 8, 1930.
Withdrawn, Corrected, and Refiled Nov. 18, 1930.

Chapman & Chapman, for plaintiffs in error.

Hart & Edwards, Jas. M. Shackelford, Logan Stephenson, and Ethel M. Proffitt, for defendant in error .

HERR, C. This is an action originally brought in the district court of Seminole county by A. S. Kouri against Oscar Saied and Adwin Saied to declare a trust in and to an undivided ¼ interest in 120 acres of land located and situated in said county, the legal title to which, it is alleged, was at said time in defendant Adwin Saied. The trial court found for plaintiff for an undivided 1/12 interest therein and rendered judgment in his favor accordingly. Defendants appeal.

The main assignment is that the judgment is against the clear weight of the evidence. We think this assignment well taken. The evidence establishes that an agreement was entered into by and between plaintiff, defendant Oscar Saied, and one E. W. Whitney to purchase the land in question; that the same was at said time in possession of one Joe Melton, who had contracted to purchase the same from one Dr. Harbor, but was unable to raise the money with which to pay for the same. It is further disclosed that the necessary funds therefor were raised by Whitney and defendant Oscar Saied and that title to the same was taken in the name of Whitney. Whitney thereafter sold an oil and gas lease on the same for more than enough to pay the purchase price, and after reimbursing himself and defendant Saied for the amount advanced, the balance was equally divided among and between the parties. Whitney thereafter deeded the premises to said defendant Adwin Saied.

It is further established that the title to 10 acres of the land failed and that the parties took title to only 110 acres. As to these facts there is no dispute. The dispute arises as to the interest of the respective parties in the land.

The record discloses that plaintiff Kouri

paid nothing for his interest in the land, but acquired it through his efforts in procuring a purchaser thereof. He made a deal with Melton, the then owner of the land, to purchase a portion thereof for a sufficient amount to pay the amount due Harbor. Melton, under this agreement, was to retain a 40-acre interest therein. This proposition was submitted to defendant Saied by plaintiff, and Saied, under an agreement with plaintiff, was to raise the necessary funds with which to pay Harbor, and plaintiff was to have and retain a one-half interest in the tract purchased, for his services. Defendant Saied was unable to raise the money. Whitney was then taken into the deal. Sufficient funds were then raised by defendant and Whitney with which to pay Harbor. It is the contention of plaintiff that, after Whitney was taken into the deal, he still was to have and retain a ½ interest for his services, while defendant contends that, under the new agreement, he was to have and retain only a ⅓ interest therein. In our opinion, the clear weight of the evidence supports the contention of defendant.

Defendant Oscar Saied and Whitney testified that under the agreement 40 acres of this tract was to be deeded to Joe Melton, the purchaser from Dr. Harbor; that this amount was to be saved out of the tract for the benefit of Melton, under the original agreement. After title was procured, Whitney deeded 40 acres thereof to Melton. These parties testified that out of the remaining 70 acres each of the parties, plaintiff, Whitney, and Saied, were to have a one-third undivided interest.

Plaintiff, in his testimony, admits that after title was finally perfected there remained only 70 acres to be divided; admits having sold to a man in Boston, whom he does not name, an undivided 10-acre interest therein; and also admits having sold to defendant Oscar Saied an undivided 13-⅓-acre interest therein.

The contention of plaintiff's counsel is that he, plaintiff, under the agreement was to have a ½ interest; that E. W. Whitney was to have a ⅓ interest; and that Oscar Saied was to have only a ⅙ interest. In his petition, he claims only a ¼ interest. The evidence, in our opinion, does not support this contention. Plaintiff repeatedly testified that, out of the 70-acre tract, each was to have a ⅓ interest. He does testify to a prior agreement between himself and defendant Oscar Saied, in which defendant was to furnish the money with which to purchase the land, and that each should have an undivided one-half interest therein. But he

further testified that this agreement was abandoned for the reason that defendant Saied was unable to raise the money and that Whitney was then taken into the deal; that it was then agreed among and between the parties that each was to have an undivided ⅓ interest therein.

Plaintiff's evidence is somewhat contradictory. At times he testifies that there was a secret agreement, unknown to Whitney, between himself and defendant Saied, that plaintiff was to have a ½ interest and defendant Saied only a ⅙, but at other times he repeatedly testified that the agreement was that each was to have a ⅓ interest. His testimony is rather difficult to understand, but, when taken as a whole, we gather that plaintiff, when testifying to the ½ interest agreement, refers to the prior agreement between himself and defendant Saied, which agreement, under the evidence, was later abandoned. Be this as it may, in our opinion, the clear weight of the evidence supports the contention that each was to have a ⅓ interest in the land in question. Both defendant Saied and Whitney so testified. These parties advanced the money with which to pay the purchase price to Dr. Harbor. Plaintiff was out nothing in the transaction. In these circumstances, it occurs to us it would be unreasonable to assume that defendant agreed to give plaintiff ½ interest as against his ⅙ interest in the premises. It would require a great deal stronger showing than that made by this record to convince us that this was, in fact, the agreement.

Under the admissions made by plaintiff, he sold all the interest he had in the premises. The court, therefore, erred in rendering judgment in his favor.

Plaintiff urges that defendants are precluded from assailing the sufficiency of the evidence in this court for the reason that they failed to demur to the evidence or move for judgment thereon. This is an equity case, and it was not necessary to demur to the evidence or move for judgment thereon in order to raise this question on appeal. Schwabacher v. Jennings, 118 Okla. 51, 246 Pac. 588; McDonald, Adm'r, v. Strong, 78 Okla. 271, 190 Pac. 558.

Judgment should be reversed and the cause remanded, with directions to enter judgment in favor of defendants.

BENNETT, EAGLETON, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.