## HOOKS et al. v. D. A. SCHULTE, Inc., et al.

No. 26118.   Oct. 13, 1936.

Rehearing Denied Dec. 15, 1936.

Charles A. Chandler, for plaintiffs in error.

George W. Leopold, J. F. Brett, J. Bernard Smith, and R. Emmett Stewart, for defendants in error.

CORN, J. This is an appeal from a judgment of the district court of Muskogee county cancelling a sheriff's deed and a real estate mortgage and decreeing an attorney's lien with priority against the real estate involved.

This case involves several other cases and it is necessary that a complete narrative be given of all transactions entering into the case in order that a sufficient understanding may be had of the questions involved.

On February 20, 1933, Luther E. Manuel, then the owner of the northwest quarter of section 12, in township 13, range 17 E., in Muskogee county, and of two small residence properties in Muskogee, the property involved in this action, and considerable other property, entered into a written contract to sell and convey the above-described farm to E. R. Spigner for the sum of $2,400, the contract and deed being placed in escrow with Charles A. Chandler, and the deed to be delivered to Spigner upon perfection of the title and the payment of the purchase price.

At that time Manuel's business affairs had become complicated by reason of 13 different judgments having been rendered against him, aggregating over $4,000, and by a suit pending wherein D. A. Schulte, Inc., was seeking the foreclosure of a real estate mortgage on a debt of about $16,000 on property not involved in this case. There were six years of delinquent taxes against the above-described property, aggregating $728.67 against the farm and $1,803.54 against the two residence properties, and in addition to the foregoing there was a real estate mortgage against the three pieces of property in the sum of $10,500, which Manuel had given the Century Life Insurance Company for stock in the company, which insurance company at the above date was in the hands of a receiver, and Manual had commenced an action in the district court of Muskogee county on July 9, 1930, to cancel said mortgage and the note secured thereby, alleging misrepresentation and fraud and asking for damages on cross-petition. This suit, however, was never brought to trial, but was settled by the parties after it had been pending over two and a half years. R. E. Stewart and J. Bernard Smith were attorneys for the plaintiff in said action and were the attorneys in whose favor the above-mentioned attorney's lien was decreed in the sum of $600.

E. R. Spigner, a farmer, residing in the vicinity of the Manuel farm, desired to purchase it for a home for his daughter, Ogelia Hooks, and entered into a contract with Manuel to purchase the same. Charles A. Chandler, attorney, who handled the Manuel-Spigner land deal, first interviewed all the judgment creditors to ascertain if they would waive their judgments in order that Manuel might make clear title to Spigner, and all of them agreed to do so, and then the deed and contract were written and placed in escrow. Then Mr. Chandler effected a settlement with the Century Life Insurance Company. Manuel and his attorneys, Stewart and Smith, stipulated and agreed to waive all claims for damages sued for in action on condition that the Century Life Insurance Company transfer and assign its note and mortgage against

Manuel's property to E. R. Spigner, who was purchasing the land and who was advancing $1,000 on the purchase price with which to make the settlement with the insurance company. It was expressly agreed in said stipulation that Stewart and Smith were not waiving their attorney fee for bringing the action against the insurance company, and while not expressly so stated in the stipulation, no other reasonable inference can be drawn therefrom than it was the intention of the parties that the attorneys' lien claimed by said attorneys should be satisfied out of the remainder of the purchase price for the land, as the retaining of the lien necessarily implied that the action could not be finally dismissed and the title to the land cleared until the lien was satisfied and discharged.

After the settlement had been made with the Century Life Insurance Company, one of the creditors, L. W. Murphy, refused to waive his judgment lien, thereby preventing Manuel from making a clear title to Spigner, who had already advanced $1,000 of the purchase price of the land in order to effect the settlement with the insurance company. Another judgment creditor, seeing the injustice that was being perpetrated upon Spigner, issued an execution on his judgment and levied on the property for the ostensible purpose of affording Spigner an opportunity to protect himself by purchasing the property at the execution sale. Spigner purchased the property at the execution sale for a nominal sum and had the sheriff's deed made to his daughter, Ogelia Hooks. Thus, the property now stands in the name of Ogelia Hooks, subject to the Century Life Insurance Company mortgage which had been assigned to E. R. Spigner, as above stated.

Apparently not satisfied with her title, Ogelia Hooks brought an action in the district court of said county to quiet title, making Manuel and his wife, the insurance company, Spigner, and the various judgment creditors, including D. A. Schulte, Inc., which now held a deficiency judgment against Manuel, parties defendant. E. R. Spigner filed an answer and cross-petition setting up his mortgage and praying judgment decreeing same to be a first lien against the property and for further judgment foreclosing said mortgage. The said L. W. Brophy and the said D. A. Schulte, Inc., judgment creditors, filed answers and cross-petitions to plaintiff's petition and to the cross-petition of E. R. Spigner, alleging that Manuel and Spigner had conspired to hinder, delay, and defraud the judgment creditors of Manuel by reason of the fact that Spigner had taken the assignment of the Century Life Insurance Company mortgage as aforesaid, and also that they had conspired with the judgment creditor under whose execution the property was sold to Ogelia Hooks, alleging that said transactions were a scheme to pass title to the property to Spigner without having same or the purchase money therefor subjected to the liens of the judgment creditors, and praying that the sheriff's deed issued to Ogelia Hooks, and the assignment of the mortgage to Spigner be adjudged and decreed to be fraudulent and void, and that the court make and enter its order that the property be sold and the proceeds therefrom be applied to the judgments of said cross-petitioners. The other judgment creditors either filed disclaimers or defaulted in failing to answer. By agreement the suit of Manuel against the Century Insurance Company was consolidated with the action of Ogelia Hooks to quiet title, and Stewart and Smith filed a motion to have their attorney's lien determined and decreed a lien against the property. Replies were filed by the respective parties, and the issues being joined, the various issues were tried to the court without the intervention of a jury.

The court allowed Stewart and Smith an attorney fee of $600 and decreed the same to be a prior lien against the property; and the court further found generally in favor of cross-petitioners Brophy and D. A. Schulte, Inc., and against the plaintiff, Ogelia Hooks, and the cross-petitioner, E. R. Spigner, thereby setting aside the sheriff's deed to Ogelia Hooks and the assignment of the mortgage to E. R. Spigner, and ordered that the property be sold and the proceeds therefrom applied (1) to the payment of the costs of such sale and the costs accrued in the action in connection with the sale; (2) in payment to the said R. E. Stewart and J. Bernard Smith said sum of $600; (3) in payment to D. A. Schulte, Inc., the sum of $5,168.90, with interest thereon at the rate of 9 per cent.; (4) in payment to L. W. Brophy the sum of $500, with interest thereon at the rate of 10 per cent. And that the residue, if any there be, be paid to the court clerk of said county to be held subject to further order of the court. Ogelia Hooks and E. R. Spigner filed separate petitions in error seeking a reversal of said judgment.

The case before us is predicated upon fraud, and the controlling question, therefore, is whether fraud was practiced upon the judgment creditors of Luther E. Manuel

by Ogelia Hooks and E. R. Spigner as alleged by the complaining creditors in their cross-petitions.

The trial court was liberal in the admission of evidence in the case, permitting a wide range of inquiry into all the circumstances surrounding the alleged fraudulent transactions, but from the voluminous record the complaining parties have failed to point out any circumstance or combination of circumstances which amounted to fraud. On the other hand, it appears that both Manuel and Spigner acted in good faith toward the judgment creditors. There was nothing secretive or cunning about the transaction. All the judgment creditors were consulted about the matter before the contract was made, and none of them raised any objection to the sale of the property by Manuel to Spigner. The exact amount that would be required to obtain a release of the mortgage of the Century Life Insurance Company had not been ascertained at that time, but it must have been anticipated by all concerned that the mortgage could be settled for a comparatively small sum. The depreciated value of the property with six years of delinquent taxes and penalties against it warrant no other conclusion. It is also a significant fact that the other twelve judgment creditors failed to see a sufficient equity in the property to contend over, but were all willing to co-operate with Manuel in passing a clear title to the purchaser, and that one of these creditors had the property sold at execution sale in order that Spigner might purchase the property at sheriff's sale and thereby acquire title free of the other judgment liens. No other person was interested enough in the property to place a bid on it at the sale. The appellants are not in a position to question the attorney's lien, since they recognized it in the stipulation with reference to the settlement of the suit against the Century Insurance Company.

In an action to set aside the title to real estate upon the grounds of fraudulent conveyance, the fraud must be distinctly pleaded and clearly and satisfactorily proven, and will not be implied from doubtful circumstances, which only awaken suspicion. Culp v. Trent, 99 Okla. 112, 226 P. 348; State ex rel. v. Mobley, 112 Okla. 152, 241 P. 155; Lemp Brewing Co. v. Guion, 17 Okla. 131, 87 P. 584. We consider the evidence in this case wholly insufficient to sustain the charge of fraud.

In the case of Saied et al. v. Kouri, 146 Okla. 51, 293 P. 245, this court held, and so stated in the syllabus, as follows:

"In a case of purely equitable cognizance, it is the duty of the Supreme Court, when the sufficiency of the evidence to support the findings of the trial court is challenged, to consider the whole record and to weigh all the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as should have been rendered in the trial court.

"Neither a demurrer to the evidence nor a motion for judgment thereon is a necessary prerequisite to a review of the evidence in an equity case, by this court, on appeal."

The questions involved in this appeal are all of purely equitable cognizance, and we have considered the whole record and weighed all the evidence, and we are of the opinion that the judgment of the trial court is clearly against the weight of the evidence, and that it should be reversed in so far as it affects the note and mortgage of E. R. Spigner and the sheriff's deed issued to Ogelia Hooks, but that said judgment should be affirmed as to the attorney's lien of Stewart and Smith.

It is therefore the judgment of this court that the title to said property should be quieted in Ogelia Hooks, subject to the tax liens and said attorney's lien, and the first mortgage lien of E. R. Spigner, and the judgment of the trial court is so modified and the cause is remanded, with directions that further proceedings be had in said cause in accordance with the views expressed herein.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and PHELPS, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.