Charlien SANDITEN, Plaintiff in Error,

v.

Stanley SANDITEN et al., Defendants in Error.

No. 44045.

Supreme Court of Oklahoma.

March 14, 1972.

Rehearing Denied May 9, 1972.

J. C. Joyce, Craig Blackstock, Blackstock, Joyce & Pollard, Tulsa, for plaintiff in error.

Conner, Winters, Ballaine, Barry & McGowen, Tulsa, Ungerman, Grabel, Ungerman & Leiter, Tulsa, for defendants in error.

HODGES, Justice.

This appeal was filed following issuance of an order of the district court sustaining a demurrer to plaintiff's first amended petition and an order dismissing non-resident defendants for reason of no in personam jurisdiction.

Plaintiff filed a verified petition in which she alleges her husband, who is not a party to this suit, made gratuitous trans-

fers to the defendants over a period of time of property acquired by joint efforts of plaintiff and her husband during coverture; that she had no knowledge of the transfers made by her husband, that her husband made the transfers with the intent to defraud her of her marital and vested rights; and that she is .entitled to judgment against the beneficiaries for one half of the gifts together with accretions and earnings from the property.

While we do not agree with plaintiff's argument that a wife has a vested interest in jointly acquired property, we do find, by this opinion, that a married man cannot make gifts of jointly acquired property during his lifetime without the consent or knowledge of his wife where the transfer is in fraud of the wife's marital rights.

In Oklahoma the property of married persons generally fall into two classes: the separate property of each of the parties; and jointly acquired property which has been accumulated by the business side of the marriage. Thompson v. Thompson, 70 Okl. 207, 173 P. 1037 (1918).

■ In regard to the separate property of a married man, it appears to be well settled in this jurisdiction that a husband may give his separate property away, during his lifetime, if the gift is bona fide and complete and neither the wife nor children have any claim to the property of the husband or father, except so far as he is liable for their support. Farrell v. Puthoff, 13 Okl. 159, 74 P. 96 (1903). The property in this case though involves property acquired during coverture and our attention will be directed to this issue.

■ Plaintiff argues she has a vested interest in property acquired during coverture and for that reason the gratuitous gifts were in and of itself a fraud on her marital rights. In support of her conclusion she cites two cases. Collins v. Oklahoma Tax Commission, Okl., 446 P.2d 290; Thompson v. Thompson, 70 Okl. 207, 173 P. 1037 (1918). We disagree. Both of these cases involve an interpretation of jointly acquired property under our divorce statutes. They do not purport to construe the vested interest of a wife in jointly acquired property beyond the statutory disposition of property in a divorce action. When a divorce action is pending her right to the jointly acquired property is vested. But the vesting takes place by reason of the divorce pendency under our statute and not by the marriage relationship which existed between the parties.

■ A wife does not have joint ownership in jointly acquired property as we held in Catron v. Catron, Okl., 434 P.2d 263 (1967), for if she did that would return this jurisdiction to a community property state which was repealed by the legislature in 1949.

■ The interest of a wife in property acquired during coverture depends upon the occurrence of a statutorily enacted contingency such as divorce, separation, inability to support, homestead and death, all of which emanate from the marriage relationship. A wife then has no vested interest in property acquired during coverture, but a contingent interest which the law protects. For instance, it is well established a husband cannot make a gift which is incomplete in that he retains some interest in the gift during his lifetime thereby depriving his wife of her rights in the property at his death, as provided in 84 O.S.1961, Section 213; nor can he make a disposition of the property anticipatory to a divorce proceeding to defeat a division of jointly acquired property under 12 O.S.1961, Section 1278; (See Bennett v. Bennett, 15 Okl. 286, 81 P. 632), nor can he transfer funds or property where his estate is so depleted that he cannot afford to support his wife as he is required by 32 O.S. § 3; nor can he dispose of their homestead which is restrictive under 16 O.S. § 4. When a husband has violated these rights his actions constitute a fraud upon the marital rights of the wife. We see no difference in this case. If plaintiff's husband gave away their jointly acquired property with an intent to defraud her of her marital rights to this property upon his

death then the law should be just as responsive in protecting her interest as in instances above stated where the gift is made anticipatory to a divorce, or where it is given incomplete with an attempt to defeat her interest upon his death. In all of these instances the principle criteria is the fraudulent intent of the husband to deprive the wife of her marital rights as provided by statute.

■ Of course, we do not intend to diminish the authority of a husband as head of the family or interfere with his duty to support himself and his wife. By statute he has the right to use his separate property and property acquired during coverture to fulfil his marital obligations and to conduct the affairs of his business in a manner which he deems proper and necessary. Title 32 O.S.1961, Section 3. Nor do we intend to prohibit either spouse from making gifts of their jointly acquired property. A wife cannot complain of reasonable gifts by a husband to his children by a former marriage. In York v. Trigg, 87 Okl. 214, 209 P. 417 (1922), we held specifically that a husband may give away property acquired during coverture unless it is shown the gift was made in fraud of the marital rights and that Title 84 O.S. 1961, Section 44, which prohibits a married man from bequeathing more than two thirds of his property away from his wife, does not in any way limit or restrict him in making such gifts. It is only when the gift has sinister elements of fraud of the marital rights that the law protects the wife. The burden of proof though rests strongly upon the wife. In determining the good faith of the charitable transfers the court must look to the condition and relationship of the parties, the amount of the gifts in relation to the husband's estate and income and all other attending circumstances.

■ We now direct our attention to plaintiffs petition to determine if an action for fraud has been properly pleaded. Ordinarily fraud must be distinctly and clearly pleaded and fraud will not be implied from doubtful circumstances which only awaken suspicion. Hooks v. Schulte, 178 Okl. 373, 62 P.2d 1211. But where a court can determine from the facts alleged that they constitute fraud in law, then, in absence of a motion to make more definite and certain, fraud has been properly pleaded.

■ Plaintiff's petition alleges the gifts of jointly acquired property were made without consideration with intent to defraud plaintiff of her marital rights. She alleges the gifts were in excess of $8,000,000.00 and that she had no knowledge of the gratuitous transfers and their magnitude with relation to the total amount of their jointly acquired property. She does not allege in particular which marital right has been violated, but the only meaning that can be attributed to her allegation is that her husband fraudulently gave the property away so she would not inherit it at his death as provided in 84 O.S.1961, § 213. The petition is not as precise and definitive as it should be, but perhaps it is excusable in view of the unexplored area of law that is involved. In any event, we can determine from it that if the facts alleged are true then she is entitled to relief in a court of law.

■ The trial court also found that the court had no personam jurisdiction over the defendants who were nonresidents of the State of Oklahoma. We do not agree.

Title 12 O.S.Supp., Section 187, provides for personam jurisdiction over nonresidents where the cause of action arises from transacting any business in the State or from the commission of any act within the State.

In Sweeney v. Colorado Interstate Gas Co., Okl., 429 P.2d 759 (1967), which case arose prior to the adoption of our long-arms statutes, we re-aligned our position to the decisions of the United States Supreme Court interpreting the due process clause of the United States Constitution and held:

"Due process requires only that in order to subject a defendant to a judgment in

personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'."

We also held in Sweeney that absence of multiple acts within the State is not necessarily fatal to our jurisdiction, but that in certain instances a single act or event would suffice.

In response to this changing concept our legislature enacted the long-arm statutes which we are considering in the present case. In Hines v. Clendenning, Okl., 469 P.2d 460 (1970), we said the clear intention of our legislature in enacting these statutes was to extend the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by the due process requirements of the United States Constitution. Therefore the decision of Sweeney, supra, and the federal cases cited therein are still authoritative and precedent.

In the present case it appears the defendants were residents of the State of Oklahoma at the time the gifts were made and accepted by them or their representative and that subsequent thereto they moved their residence outside the jurisdiction of this State. In our opinion these facts satisfy the required minimum contact within Oklahoma and justify the invocation of our jurisdiction for redress of a wrong. Certainly this State has a manifest interest in protecting a wife where she alleges her husband has transferred jointly acquired property in fraud of her marital rights. In invoking personam jurisdiction under the facts of this case we find nothing that "offends traditional notions of fair play and substantial justice." On the other hand, to deny personam jurisdiction would require the plaintiff to file numerous lawsuits all over the United States to recover on a single fraudulent scheme and plan. We find plaintiff has properly invoked the jurisdiction of the court.

Judgment reversed and remanded.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN and BARNES, JJ., concur.

DAVISON, V. C. J., concurs in results.

LAVENDER, J., dissents.

LAVENDER, Justice (dissenting in part):

The wife's petition alleged that her (now deceased) husband, over a period of several years, made gifts of property the title to which stood in his name. She alleged that the gifts only involved property which had been acquired by the joint industry of the parties to the marriage during the marriage. She further alleged—or argued in oral presentation of this matter to this court— that these gifts totaled something like $8,000,000. We are not advised how much this amount represented of all property either acquired by him during the marriage or owned by him at his death. She concluded that such gifts were in fraud of her marital rights in the gifted property. These "marital rights" are said to arise from the fact that if the parties had been divorced she would have been entitled to a "just and reasonable" division of the jointly acquired property because of 12 O.S.1971 § 1278 or to an "equitable * * * division * * *" by virtue of 12 O.S. 1971 § 1275. The basis for these "marital rights" are also said to arise from 84 O.S. 1971 § 44 which provides in effect that a spouse may not effectively limit the share his surviving spouse will inherit in the property owned by him at his death so "that the other spouse (survivor) would receive less in value than would be obtained through succession by law; * * *," to quote the statute in part. Title 84 O.S. 1971 § 213 provides for the share of the surviving spouse upon the death of the partner to the marital venture. It is noted that these statutes providing for the share that the surviving spouse shall inherit, notwithstanding a will of less than such statutory shares, is not limited to the property acquired by the joint industry of the marital partners but may extend to all property owned by the deceased spouse at his death. 84 O.S.1971 § 44: " * * * provided,

however, that of the property not acquired by joint industry during coverture the testator be not required to devise or bequeath more than one half thereof in value to the surviving spouse; * * *."

We are also advised of the duty to support his wife which a husband assumes by virtue of the marriage contract. Title 32 O.S.1971 § 3.

It is noted also that the share a spouse may receive, upon the dissolution of the marriage by divorce, of the property of the other partner to the marriage is to be determined by the court which will hear the divorce proceeding. It is well established that such share may not be one-half of the jointly acquired property, but may be more or less, depending upon many circumstances.

If the situation were such that the husband knew he was about to pass away or was aware that he and his wife were about to be divorced or—to defeat the obligation to support his wife—he made gifts of their jointly acquired property, we would have a situation in which I could probably concur with the result reached by the majority opinion in this case. But here—as I read the plaintiff's petition—the "fraud" which plaintiff depends upon to vitiate the gifts of property made by her dead husband are not alleged to have been made by him under any of the circumstances mentioned in this paragraph, but are said to be fraudulent as to her only because the gifts of property thereby deprived her of that much property which *"might"* have been awarded to her if the parties had gotten a divorce, or that she *"might"* have received by way of inheritance upon the death of her husband provided he hadn't sold the property (and spent the money) before he died. The "contingent marital rights" referred to in the majority opinion are in my view entirely too speculative and flimsy to form the basis for allowing a surviving spouse to void the other spouse's gifts of property made over a period of many, many years while they were living together as man and wife.

This court's previous decisions in York v. Trigg (1922), 87 Okl. 214, 209 P. 417, Farrell v. Puthoff (1903), 13 Okl. 159, 74 P. 96, and Garrison v. Spencer (1916), 58 Okl. 442, 160 P. 493, as well as Catron v. First National Bank & Trust Co. of Tulsa (1967), 434 P.2d 263 persuade me to the opposite conclusion from the majority opinion regarding the trial court's decision sustaining the defendant's demurrers to the plaintiff's petition. I would affirm that decision of the trial court.

I respectfully dissent to that portion of the majority opinion discussed herein. I express no view regarding the court's disposition of the jurisdictional question.