Earl PERKINS, Appellee,

v.

Earl D. PERKINS, Defendant,

and

Francis C. PERKINS,
Defendant/Appellant.

No. 73053.

Court of Appeals of Oklahoma,
Division No. 4.

June 4, 1991.

Rehearing Denied June 24, 1991.

Certiorari Denied Sept. 10, 1991.

Richard A. Williams, Pain and Garland, Anadarko, for appellee.

Tony Burns, Anadarko, for defendant-appellant.

## MEMORANDUM OPINION

STUBBLEFIELD, Judge.

This is an appeal from an order of the trial court, in an action to foreclose a security interest lien, denying a wife the rights to pay a judgment and have the lien released and/or redeem the collateral where she, though having a marital interest in the pledged property, was not a party to the secured interest debt transaction. After a review of the record and applicable law, we reverse.

Defendant Francis C. Perkins (Wife) maintains that the trial court erred when it did not set aside a pledge of stock made by her husband, Defendant Earl D. Perkins, to his father, Plaintiff Earl Perkins (Father-in-law). Although the transaction was apparently done at a time when the couple was separated pending divorce, the evidence indicates that the loan, secured by the pledge of PAP Oil Company stock, was a valid one because consideration was paid. Although the property was worth considerably more than the loan proceeds, there was no other evidence to show that the pledge was made to defeat any division of jointly acquired property. Therefore, we find no error on the part of the trial court in this regard.

However, we do find Wife's other allegations of error to have merit. Wife was made a party to the foreclosure proceeding by Father-in-law to foreclose any interest she may have been claiming in the collateral. The uncontested testimony at trial by Husband was that he was aware that Wife *did* have a marital interest in the property. Where there has been no foreclosure judgment and "[w]hen a divorce action is pending, her right to the jointly

acquired property is vested." *Sanditen v. Sanditen*, 496 P.2d 365, 367 (Okla.1972). Thus, Wife's interest was no longer contingent and was such as to entitle her to redeem the lien of Father-in-law according to the terms of 42 O.S.Supp.1990 § 18, which provides:

> [A.] Every person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed.

The result of the trial court denying Wife's motion to compel Father-in-law to accept her tender was that the marital estate was reduced by approximately $50,000 for want of paying a judgment debt of approximately $19,000. The windfall to Father-in-law—and perhaps to son based upon his business relationship with his father—does smack of wrong dealing.

The trial court's denial of Wife's motion to compel was particularly difficult to understand because the payment and release of the lien would have brought the asset back into her possession subject to division in the divorce proceeding after allowance for her costs of redemption. And, of course, creditor Father-in-law would have been made whole by repayment of his monies plus interest and cost.

We find the trial court erred in failing to allow Wife to redeem. That decision renders it unnecessary for us to consider the allegation regarding discharge. The judgment is reversed and remanded for further proceedings in keeping with this opinion.

BACON, V.C.J., and RAPP, J., concur.